### *RACHAL & AL. vs. IRWIN.*

APPEAL from the court of the sixth district, the judge of the court presiding.

He who claims under an order of survey, must deduce his title from the grantee of the order.

PORTER, J. delivered the opinion of the court. The plaintiffs seek to recover a tract of land, in possession of the defendant, and state in their petition, "that they claim by virtue of an order of survey, dated the 10th February, 1799, signed by Manuel Gayoso D'Lemos, the governor of the province of Louisiana, and issued in favour of Diego Ramirez, under whom your petitioners hold, by a chain of regular conveyances."

It is not enough, that he deduces his title from a person in whose favour the commissioners granted a certificate.

8ns331
48 347

The defendant sets up title under a donation from the United States. There was judgment rendered against him in the district court, and he appealed.

No conveyance was produced by the plaintiffs, from the person in whose favour the order of survey was granted. The commis-

sioner's certificate shows, indeed, that the title was confirmed in favour of one Louis Teremazin, from whom a regular chain of conveyances was exhibited, to the plaintiffs. But this acknowledgment, on the part of the general government, that Teremazin had acquired the right of Ramirez, is not evidence against third persons. It is, as to them, *res inter alis acta.*

The plaintiffs, being thus without any title under the Spanish government, can recover only on the confirmation of the United States. It is questionable, whether he could do so under the pleadings; for, he sets up title by virtue of the order of survey to Ramirez. But waving that objection, his case is made little better. He shows a confirmation, in virtue of a survey from the Spanish authorities, to which he had no right, and his settlement was not made until some years after the change of government. The case cannot, in any respect, be distinguished satisfactorily from that of *Horton's heirs vs. Tippett.* There, it is true, the party having title similar to that of the petitioners, recovered, but, as was stated by the court, it was solely on the consideration, that the plaintiffs, who

sought to disturb them, had no better title. Both were declared to have no foundation, either in law or equity. *Vol.* 5, 109.

This opinion, renders it unnecessary to examine into the questions raised, with regard to the mode of locating the respective titles of the parties, or the validity of the plea of prescription. The plaintiffs must recover on the strength of *t*heir title, and we are of opinion it does not enable them to sustain the action against the defendant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for defendant, with costs in both courts.

*Rost* for the plaintiffs, *Boyce* for the defendant.